Anthony J. CASERTA, Plaintiff,

v.

HOME LINES AGENCY, Inc., Defendant.

United States District Court
S. D. New York.

Aug. 16, 1957.

Arthur B. Sheehan, New York City, for plaintiff.

Gray & Wythe, New York City, Horace M. Gray, New York City, of counsel, for defendant.

LEVET, District Judge.

Defendant has moved under Fed.Rules Civ.Proc. rule 12(b) (2), 28 U.S.C.A., to dismiss the complaint herein upon the ground that the court lacks jurisdiction of the subject matter hereof.

The action is brought under the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. §§ 201–219. Plaintiff, a former employee of defendant, seeks (1) recovery of $3,635.51 in wages alleged to be due as overtime; (2) an equal amount as liquidated damages under Section 216(b); and (3) an additional amount for reasonable counsel fees under Section 216(b).

The facts as they appear upon the pleadings, including the complaint, answer, interrogatories and affidavits, are as follows:

1. The defendant is engaged solely in the business of selling passenger tickets for passage on steamships engaged in international traffic as the agent for the respective ocean steamship lines which it represents, and does not appear to solicit or book cargo or collect freight earnings on such vessels.

2. The plaintiff served in a clerical capacity with defendant and also as a chauffeur. He drove defendant's automobile in the City of New York for the transportation of visiting ticket agents in promotion of defendant's business, and in picking up at the pier various shipments of printed matter and ship models, etc., supplied by principals of defendant in Europe, and in the distribution of such printed matter, models, etc., to subagents of defendant within the City of New York and surrounding territory. The car was also used by plaintiff to transport visiting officers of the European principals and in the transportation of bags of mail to and from the United States Post Offices in New York.

Defendant bases its claim of lack of jurisdiction upon the following contentions:

1. That it is not engaged in interstate commerce; and

2. That it is exempt from application of the Act under Section 213 since it is a retail service establishment.

Title 29 U.S.C.A. § 206(a) is as follows:

"Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates— * * *."

Title 29 U.S.C.A. § 203(b) defines "commerce" as follows:

" 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."

Paragraph 2 of the complaint is as follows:

"During the times herein stated, the defendant was engaged in the steamship business managing and operating ocean going vessels in international commerce and maintaining an office in the County of New York, City and State of New York for the conduct of such business."

Construing the complaint liberally, as we must, this is deemed sufficient to allege that defendant is engaged in com-

merce between New York State and a place outside thereof.

The next question is whether the business in which defendant is engaged is commerce of any kind.

■ In general, commerce includes the transportation of passengers, Gibbons v. Ogden, 1824, 9 Wheat. 1, 22 U.S. 1, 230, 6 L.Ed. 23; County of Mobile v. Kimball, 1880, 102 U.S. 691, 702, 26 L.Ed. 238; Gloucester Ferry Co. v. Commonwealth of Pennsylvania, 1884, 114 U.S. 196, 203, 5 S.Ct. 826, 29 L.Ed. 158; McCall v. People of State of California, 1890, 136 U.S. 104, 10 S.Ct. 881, 34 L.Ed. 391; Hoke v. United States, 1913, 227 U.S. 308, 320, 33 S.Ct. 281, 57 L.Ed. 523; Hammer v. Dagenhart, 1918, 247 U.S. 251, 273, 38 S.Ct. 529, 62 L.Ed. 1101.

In County of Mobile v. Kimball, supra, and in Gloucester Ferry Co. v. Commonwealth of Pennsylvania, supra, the court used identical words:

"* * * Commerce with foreign countries and among the States, strictly considered, consists in intercourse and traffic, including in these terms navigation and the transportation and transit of persons and property, as well as the purchase, sale, and exchange of commodities." 102 U.S. at page 702.

■ In Bell v. Porter, 7 Cir., 1946, 159 F.2d 117, certiorari denied 330 U.S. 813, 67 S.Ct. 1092, 91 L.Ed. 1267, a case involving the Fair Labor Standards Act, Kerner, Circuit Judge, wrote:

"As to the second point, we note that the Act is made applicable to any employee 'who is engaged in commerce or in the production of goods for commerce.' Section 7(a), 29 U.S.C.A. § 207(a). By § 3(b) of the Act, commerce is defined as 'trade, commerce, transportation * * * from any State to any place outside thereof.' But nowhere in the Act is it suggested that Congress intended that transportation effected by the Government or of Government goods be treated differently from all other transportation; hence we believe, as the court did in the case of Atlantic Co. v. Walling, 5 Cir., 131 F.2d 518, that when Congress defined 'commerce' in the Act, it intended to give the term the broadest possible meaning, so as to include all transactions, conditions and relationships as have been heretofore known and acknowledged as constituting commerce in the constitutional sense." 159 F.2d at pages 118–119.

See also Bennett v. United States, 6 Cir., 1912, 194 F. 630, affirmed 227 U.S. 333, 33 S.Ct. 288, 57 L.Ed. 531; Veazey Drug Co. v. Fleming, D.C.W.D.Okl.1941, 42 F.Supp. 689. The statutory scope of the Act is to cover each employee *who is engaged in commerce* or in the production of goods for commerce. Wagner v. American Service Co., D.C.S.D.Iowa, 1944, 58 F.Supp. 32, 33. The connection of the employees who come under the Fair Labor Standards Act must be direct with commerce as defined in that Act. This may involve a narrower concept than the words "affecting commerce," used in the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. Gerder v. Certified Poultry & Egg Co., D.C.S.D.Fla. 1941, 38 F.Supp. 964.

Hence, we may conclude that the defendant is engaged in commerce as defined by Title 29 U.S.C.A. § 203(b). However, the application of the Act depends on the character of the employee's activities. Overstreet v. North Shore Corporation, 1943, 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; Mabee v. White Plains Pub. Co., 1946, 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607.

■ ■ Whether plaintiff, therefore, was or was not engaged in such commerce, subject to the application of this Act, is not readily determined on the papers. It is best decided by the trial court. The burden of proof of exemption falls upon defendant.

Accordingly, defendant's motion to dismiss the complaint upon the ground that the court lacks jurisdiction of the sub-

ject matter thereof is denied without prejudice to renewal upon the trial of this action if the facts elicited at the trial so warrant.

So ordered.