**John S. ATLEE et al.**

**v.**

**Richard M. NIXON, Individually and as President of the United States, Melvin Laird, Individually and as Secretary of the Department of Defense.**

**Civ. A. No. 71–2324.**

United States District Court,
E. D. Pennsylvania.

Jan. 20, 1972.

sions of the United States Constitution, Treaties of the United States, and doctrines of international law. They seek a permanent injunction against the allocation and expenditure of funds of the United States to prosecute the war. We have jurisdiction under 28 U.S.C. § 1331.

The defendants are Richard M. Nixon, President of the United States, and Melvin Laird, Secretary of the United States Department of Defense. The United States Attorney for the Eastern District of Pennsylvania has been granted leave to intervene as *amicus curiae* for the purpose of making suggestions. Now pending is its "suggestion" that the instant suit be dismissed as to defendant Nixon.

■ At the outset, we reject the notion that defendant Nixon is completely immune from judicial process because he is the President of the United States. United States v. Burr, 25 F.Cas.P. 30, No. 14,692d (C.C.A.Va.1807) (Marshall, C. J.). Nevertheless, at this time we have decided to dismiss the action as to defendant Nixon.

The doctrine of executive immunity from suit cannot be found in any particular provision of the United States Constitution, or in any federal law. It is a judicial creation founded in a proper respect for executive prerogative in a system of government which emphasizes a separation of powers between the various branches. This led the Court in Mississippi v. Johnson, 71 U.S. (4 Wall.) 475, 18 L.Ed. 437 (1867) to conclude that a court has no jurisdiction of a bill to enjoin the President in the performance of his official duties. "The Congress is the Legislative Department of the government; the President is the Executive Department. Neither can be restrained in its action by the Judicial Department * * *." *Id.* at 500.

Later decisions of the Court have strongly suggested that judicial restraint of the executive may no longer be absolutely prohibited. The doctrine of separation of powers itself may ne-

David Kairys, David Rudovsky, Kairys & Rudovsky, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Warren D. Mulloy, John T. Thorn, Asst. U. S. Attys., Philadelphia, Pa., for defendants.

OPINION

JOSEPH S. LORD, III, Chief Judge.

The plaintiffs in this suit are citizen taxpayers who bring this action on their own behalf, and as representatives of a class consisting of all those similarly situated, pursuant to F.R.Civ.P. 23. They allege that the prosecution of the war in Southeast Asia violates various provi-

cessitate judicial action to restrain executive action which has invaded the province of Congress's lawmaking power.

■ It is not open to doubt that executive action may be restrained indirectly by enjoining a cabinet member from enforcing an executive order found to violate the law. Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). The decision in Youngstown was based on the finding that the President's executive order seizing the steel mills was not within the constitutional powers of the President. President Truman, however, was not a named party. The defendant was Secretary of Commerce Charles Sawyer who had been directed by the President to take temporary possession of the nation's steel mills. He was restrained from continuing the seizure and possession of the plants and acting under the authority of the executive order.

The question arises whether the Presidential immunity doctrine should apply in a situation where the President is alleged to be acting in violation of the Constitution, and there is no agent who participated in this action who may be restrained, as Mr. Sawyer in the Youngstown case. We need not decide this difficult issue now.

In the recent case of Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), the Court held that the Speech or Debate Clause of the Constitution, Art. I, § 6,[1] did not serve as a bar to judicial review of the constitutionality of the House decision to exclude Mr. Powell. The action was dismissed as to Congressmen defendants, but was allowed to be maintained against House employees such as the Sergeant at Arms and the Doorkeeper of the House. In dismissing the Congressmen as defendants, the Court made clear it was not laying down any flat rule prohibiting injunctive relief against Congressmen.

"Given our disposition of this issue, we need not decide whether under the Speech or Debate Clause petitioners would be entitled to maintain this action solely against members of Congress where no agents participated in the challenged action and no other remedy was available." Id. at 506, footnote 26, 89 S.Ct. at 1956.

■ The doctrine of executive immunity's purpose is not to serve as a shield to bar completely constitutional review of Presidential action. It does, though, serve a very important function, much like the Speech or Debate Clause.

"The purpose of the protection afforded legislators is not to forestall judicial review of legislative action but to insure that legislators are not distracted from or hindered in the performance of their legislative tasks by being called into court to defend their actions." Id. at 505, 89 S.Ct. at 1955.

Of course, we should be even more reluctant to disturb the President in the performance of his duties than we are to distract any individual legislator.

■ In the instant case, we note that the Secretary of Defense, Melvin Laird, is also a defendant. Therefore, we have no indication at this time that plaintiffs would be denied a remedy if defendant Nixon were to be dismissed as a party. Indeed, it would be a rare situation where executive action was not participated in by any other government officials.

We have concluded that Richard M. Nixon should be dismissed as a party, without prejudice to the rights of plaintiffs to move at some future stage of this action that he is indeed a necessary party, if alleged prohibited conduct appears to the plaintiffs to be entirely unilateral. We of course at this time intimate no opinion as to the merits of this action.

1. Article I, § 6, provides: "for any Speech or Debate in either House, they [Senators and Representatives] shall not be questioned in any other Place."