William **MEYERS** et al., Plaintiffs,

v.

Richard M. **NIXON**, President of the United States of America, and Melvin Laird, Secretary of the United States Department of Defense, Defendants.

No. 71 Civ. 3770.

United States District Court,
S. D. New York.
March 14, 1972.

---

2.  Amended complaint, Count Five of each plaintiff's claim, ¶ 7.

Rabinowitz, Boudin & Standard, New York City, for plaintiffs; Michael Krinsky, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for defendants; Frank H. Wohl, Asst. U. S. Atty., of counsel.

## MEMORANDUM

BONSAL, District Judge.

This is an action brought by plaintiffs, suing as citizens of the United States and the State of New York, residing in the Southern District of New York, on behalf of all persons similarly situated who are citizens, taxpayers and voters of the United States. The defendants are the President of the United States, Richard M. Nixon, and the Secretary of Defense, Melvin Laird, who are sued both personally and in their official capacities.

In their complaint, filed August 24, 1971, the plaintiffs seek a permanent injunction against the allocation and expenditure of United States funds to finance the war in Southeast Asia or to finance the commission of acts in violation of international law and treaties and of United States Army Regulations regarding the conduct of war, and for a declaratory judgment holding that such expenditures violate specific clauses of the Constitution and amendments thereto and international Conventions.

Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1361, 2201, 2202, 2282, 2284, and the amount in controversy is alleged to be in excess of $10,000.

The complaint alleges two causes of action. The first cause of action alleges that Congress has the exclusive right to declare war under Article I, Section 8, Clause 11 of the Constitution, and that no such declaration has been made although Congress has appropriated over $2,000,000,000. for military activities in Southeast Asia. All this has deprived the plaintiffs of their rights under the Declaration of War Clause by having the funds expended by a unilateral Executive initiation of the war.

The second cause of action alleges that the armed forces of the United States have been guilty of violating the

international rules of war, treaties to which the United States is a signatory, and United States Army regulations, by certain conduct more specifically described in paragraph 21 of the complaint. It is further alleged that appropriations made to support such illegal acts of war violate international Conventions more specifically enumerated in paragraph 22 of the complaint and to which the United States is a signatory. The prayer for relief in the complaint requests:

(1) The convening of a three-judge court pursuant to 28 U.S.C. §§ 2282 and 2284;

(2) That the three-judge court issue an order declaring that the authorization and appropriation of expenditures of funds in support of the war in Vietnam, Cambodia and Laos violate Article I, Section 8, Clause 11; Article V; Article VI, cls. 2, 3 of the Constitution; and the Fifth and Ninth Amendments;

(3) That the three-judge court enjoin the defendants from effectuating or implementing any appropriation acts therein described in furtherance of the war in Vietnam, Cambodia and Laos except to the extent that the Executive and Congress may determine the funds are necessary to effectuate prompt withdrawal of American Forces from the area;

(4) That the three-judge court permanently enjoin "the defendant" from effectuating or implementing any of the appropriation acts therein described for such weapons of war as napalm, antipersonnel cluster bombs, etc., defoliants and other weapons found to be illegal under International Law and treaties;

(5) That the three-judge court enjoin other activities therein stated which are violative of International Law and treaties and the Constitution of the United States.

In this motion, the United States Attorney, on behalf of defendants Nixon and Laird, moves to dismiss the action under Rule 12(b) and (f) of the Federal Rules of Civil Procedure on the ground that plaintiffs lack standing, that the complaint raises only nonjusticiable political questions, and that the court lacks jurisdiction over the President of the United States. In addition, the Government moves to strike the name of the President from the caption and to quash the summons directed to him.

██ Plaintiffs contend that the issue presented in their complaint of whether explicit congressional authorization of the war is constitutionally required in order for the Executive to engage in the military activities in Vietnam, Cambodia and Laos is not a nonjusticiable political question. Plaintiffs further contend that the rule as enunciated in this Circuit in Orlando v. Laird, 443 F.2d 1039 - (2d Cir.), cert. denied, 404 U.S. 869, 92 S.Ct. 94, 30 L.Ed.2d 113 (1971) and DaCosta v. Laird, 448 F.2d 1368 (2d Cir. 1971), cert. denied, 405 U.S. 979, 92 S.Ct. 1193, 31 L.Ed.2d 255 (1972) is erroneous on the grounds that the constitutional text and debates and the historical development of the Declaration of War Clause make it clear that explicit congressional authorization is required. Nevertheless, this court is bound by the decisions in the above cases that though there has been no formal declaration of war, the evidence of congressional action through appropriations and extensions of the Military Selective Service Act, all of which are admitted by plaintiffs, is sufficient to imply authorization or ratification of the military activity in question and to satisfy the requirements of the Declaration of War Clause. Moreover, the issues which plaintiffs seek to have the court adjudicate involve political questions as to which there is no judicially discoverable or manageable standard. Orlando v. Laird, *supra*; DaCosta v. Laird, *supra*; *see also* Berk v. Laird, 429 F.2d 302, 305 (2d Cir. 1970). Whether certain alleged acts violate International Law and treaties also raises political questions. United States v. Sisson, 294 F.Supp. 515, 517–518 (D.C.Mass.1968); *see also* Switkes v. Laird, 316 F.Supp. 358, 365

(S.D.N.Y.1970); United States v. Hogans, 369 F.2d 359, 360 (2d Cir. 1966).

■■ In view of the foregoing, the complaint does not allege a justiciable controversy and plaintiffs lack standing to seek the adjudication of political questions. Flast v. Cohen, 392 U.S. 83, 95, 98, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Moreover, this Circuit has ruled that Article I, Section 8, Clause 11 of the Constitution is not a specific limitation on the spending and taxing powers of Congress so as to give plaintiffs standing to sue. Pietsch v. President of the United States, 434 F.2d 861, 863 (2d Cir. 1970); *see also* Flast v. Cohen, *supra*, 392 U.S. at 104–105, 88 S.Ct. 1942.

The government contends that this court lacks jurisdiction over President Nixon. As pointed out by Chief Judge Lord in Atlee v. Nixon, 336 F.Supp. 790 (E.D.Pa.1972):

"It [the doctrine of executive immunity from suit] is a judicial creation founded in a proper respect for executive prerogative in a system of government which emphasizes a separation of powers between the various branches. This led the Court in Mississippi v. Johnson, 71 U.S. (4 Wall.) 475, 18 L.Ed. 437 (1867) to conclude that a court has no jurisdiction of a bill to enjoin the President in the performance of his official duties. . .

"Later decisions of the Court have strongly suggested that judicial restraint of the executive may no longer be absolutely prohibited. The doctrine of separation of powers itself may necessitate judicial action to restrain executive action which has invaded the province of Congress's lawmaking power.

"It is not open to doubt that executive action may be restrained indirectly by enjoining a cabinet member from enforcing an executive order found to violate the law. Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153 (1952). . . ."

In dismissing the defendant Richard M. Nixon as a party, Chief Judge Lord further stated:

"In the instant case, we note that the Secretary of Defense, Melvin Laird, is also a defendant. Therefore, we have no indication at this time that plaintiffs would be denied a remedy if defendant Nixon were to be dismissed as a party. Indeed, it would be a rare situation where executive action was not participated in by any other government officials.

"We have concluded that Richard M. Nixon should be dismissed as a party, without prejudice to the rights of plaintiffs to move at some future stage of this action that he is indeed a necessary party, if alleged prohibited conduct appears to the plaintiffs to be entirely unilateral. . . ."

In view of the dismissal of the complaint, it is unnecessary to determine the issue of Executive immunity. However, this court is in agreement with the views expressed by Chief Judge Lord in Atlee v. Nixon, *supra*.

Accordingly, defendants' motion to dismiss the complaint is granted.

It is so ordered.