**UNITED STATES of America,**
**Plaintiff,**

v.

**Neil D. HAWORTH, Defendant.**

**No. 70 Civ. 2229.**

United States District Court,
S. D. New York.

July 15, 1974.

Paul J. Curran, U. S. Atty., for the S.D.N.Y., New York City, for plaintiff; Naomi L. Reice, New York City, of counsel.

William T. Hutton, New York City, for defendant.

**1100**

## MEMORANDUM

TENNEY, District Judge.

The Government, seeking to reduce to judgment federal tax liabilities in the amount of $4,194.58 plus accrued interest alleged to be due and owing by defendant for the tax years 1963 through 1969, inclusive, has moved for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons cited *infra,* the motion is granted.

Neither side having filed affidavits in this motion, the Court will summarize the facts as alleged in the pleadings. Jurisdiction is predicated upon § 7402(a) of the Internal Revenue Code of 1954, Title 26, United States Code, and upon 28 U.S.C. §§ 1340 and 1345. It is alleged in the complaint, as amended, that a delegate of the Secretary of the Treasury made assessments in accordance with law against defendant for unpaid income taxes, penalties and interest; that, despite notice of the assessments and demand for payment, defendant has failed and continues to refuse to pay the liabilities assessed against him; that tax liens have been filed; and that, as a result, there remains due and owing $4,194.58 plus interest for unpaid taxes, penalties and lien filing fees.

Defendant disputes his liability for the taxes on two grounds. First, he argues that he is not liable for federal income taxes because these taxes would, in effect, prohibit him from freely exercising his religion. His defense is based on the fact that he is a member of the Religious Society of Friends, or Quakers; that, as a member of this religion, he opposes all war; and that income tax revenue during 1963 through 1969 was spent in the active prosecution of war and in preparation for possible additional wars. Second, he argues that he is not liable because a substantial portion of the United States income tax revenue was spent in support of the United States' military activity in Vietnam; Congress never "declared" war in Vietnam, pursuant to Article I, Section 8, Clause 11 of the United States Constitution; hence, the United States was exacting taxes for the purpose of prosecuting an illegal war.

Defendant's only answer to this motion is that, under the authority of American Friends Service Committee v. United States, 368 F.Supp. 1176 (E.D. Pa.1973), there remain genuine issues of material fact which preclude the granting of judgment in the Government's favor before defendant has had a hearing upon the evidentiary and constitutional matters raised, *e. g.,* the strength of his religiously based opposition to war and the necessity to express such opposition through refusal to contribute, through taxes, to the prosecution of war.

On a motion for summary judgment the Court must initially determine whether there are any (1) genuine factual disputes regarding (2) issues which are material. Fed.R.Civ.P. 56(c). The Court is not convinced, however, that either of these requirements has been met. First, the Government does not challenge the authenticity of defendant's religious opposition to the war nor his need to express those beliefs by refusing to pay taxes, the revenue from which is used in part to prosecute or plan wars. Neither does the Government contend that Congress literally "declared war" at any time during which the United States was engaged in military activity in Vietnam. Second, these so-called factual disputes are not material to the case. In other words, even if these "facts" were in dispute, they are not "material" since, as discussed below, the defenses raised are legally insufficient. Consequently, defendant's desire for an evidentiary hearing here is not warranted. The Court will therefore proceed to determine whether the Government is entitled to judgment as a matter of law.

As indicated above, defendant's first defense is that, since a substantial proportion of income tax revenue during the period 1963 through 1969 was used in the prosecution of a war in

Indochina and in preparation for possible future wars, defendant should be excused on first amendment grounds from tax liability for those years based upon his religious opposition to all, wars. Without in any way meaning to minimize the sincerity of defendant's beliefs, the Court is compelled to dismiss the defense as a matter of law. The income tax assessment which he disputes does not violate his, or anyone else's, first amendment right to the free exercise of religion. Clearly, the federal income tax, which is imposed across-the-board upon members and nonmembers of all religions, is not a tax which is aimed at a particular religious group nor is payment of it required as a precondition to the exercise of any religious activity. *Compare* Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943). The fact that a portion of the revenue from the tax may be used for purposes which violate the religious beliefs of defendant or any other taxpayer does not render that tax unconstitutional under the free exercise clause:

> "[N]othing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of the tax." Autenrieth v. Cullen, 418 F.2d 586, 588 (9th Cir. 1969), cert. denied, 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970).

*Accord,* Kalish v. United States, 411 F. 2d 606, 607 (9th Cir.), cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 86 (1969). The decision upon which defendant relies—American Friends Service Committee v. United States, *supra,* 368 F.Supp. 1176—is wholly distinguishable from the instant case and in no way supports defendant's claim that he is not liable for the amounts assessed on first amendment grounds. That case merely held that the *withholding provisions* of the income tax law are unconstitutional as applied to Quakers who might wish to express their religious opposition to war in a more direct manner. Those taxpayers did not, as in the instant case, attack the validity of the tax itself or the use to which the tax was put. 368 F.Supp. at 1181.

With respect to the second affirmative defense raised—that a substantial portion of income tax revenue collected during the years 1963 through 1969 was spent in support of military activity which was illegal under Article I, Section 8, Clause 11 of the Constitution—the Court is bound by Orlando v. Laird, 443 F.2d 1039 (2d Cir. 1971), cert. denied, 404 U.S. 869, 92 S.Ct. 94, 30 L.Ed.2d 113 (1971), which held that there was sufficient evidence of Congress' concurrence in the United States military's activity in Vietnam, thereby making it a legally authorized war. It declined on political question grounds, however, to consider what form Congressional authorization of that activity should have taken. *See also* Meyers v. Nixon, 339 F.Supp. 1388 (S.D.N.Y. 1972).

Defendant does not dispute the accuracy of the assessments made nor does he dispute the fact that he has failed to pay these assessments after having received notice of them. Accordingly, the Government's motion for summary judgment is hereby granted. The Clerk of the Court is directed to enter judgment in conformity with this opinion.