EUGENE P. AND MARY A. DOYLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doyle v. Commissioner
Docket Nos. 7734-81 and 8088-82.
United States Tax Court
T.C. Memo 1982-740; 1982 Tax Ct. Memo LEXIS 11; 45 T.C.M. (CCH) 410; T.C.M. (RIA) 82740; December 27, 1982. Eugene P. Doyle, pro se. Victorial Wilson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: The motions for summary judgment in these consolidated cases were assigned to and heard by Special Trial Judge Fred R. Tansill. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: *12 These cases are before us on respondent's motions for summary judgment. Respondent determined a deficiency in petitioners' Federal income tax for the year 1979 in the amount of $418 and an addition to tax under section 6653(a) [1] of $20.90. This determination was based upon respondent's disallowance of a $4,400 deduction claimed as a "conscientious objection to military activities." The notice of deficiency dated February 23, 1981, also advised petitioners that, since they had already litigated and lost that issue in the Tax Court, [2] respondent would also seek $500 damages under section 6673 (proceedings "instituted merely for delay"). Nonetheless, a petition was subsequently filed in docket number 7734-81. Respondent then moved for summary judgment. Respondent also determined a deficiency in petitioners' 1980 Federal income tax in the amount of $720 and an addition to tax under section 6653(a) of $36. Again, a war protestor deduction of $3,900 was claimed and denied. A petition was then filed in docket *13 number 8088-82S. Petitioners' motion to remove this case from the small tax case category was granted, and the Court orally ordered the two Doyle regular cases consolidated for purposes of trial briefing, and decision. Petitioners, who have resided in Hamilton Beach, New York, during all relevant times, claim that they are conscientious objectors to military spending. They claim that they are entitled to deduct a portion of their income taxes related to military spending because such spending is in violation of Christian and ethical principles, international law and treaty obligations. They argue that they will subject themselves to criminal prosecution if they support this allegedly illegal militarism by payment of taxes in full. We disagree with petitioners' contentions. A host of cases have held that taxpayers are not entitled to reduce their taxes by deducting a portion of the amount owed under the claim that such amount would be spent to support military operations claimed by taxpayers to be illegal or immoral. [3] Nonetheless, petitioners here argue that their case is not a proper one for summary judgment, or for imposition of additions to tax or damages, since they *14 claim to raise novel questions of fact and law.
Initially, petitioners argue that payment of taxes used to support military operations will subject them to criminal prosecution for financing a military expedition against a friendly nation, pursuant to 18 U.S.C. section 960. [4] However, this question was settled in Purvis v. Commissioner,T.C. Memo. 1978-151, affd. without opinion 633 F.2d 223 (9th Cir. 1980), cert. denied 450 U.S. 997 (1981). The same argument was made in that case, where it was held that 18 U.S.C. section 960 did not make it illegal to pay taxes which might be *15 expended for military purposes by the United States. Petitioners have not raised a new issue on this point. They further argue that section 7852(d), [5] which suspends application of the tax laws where they are in violation with treaty obligations of the United States, permits the deduction they claim. Admittedly, this argument has not been raised before in the context of a conscientious objector or war protestor argument against payment of income taxes. However, it is apparent that the section relied upon is intended to exclude from taxation those sources otherwise subject to taxation under Title 26, but expressly excluded therefrom due *16 to specified status in a treaty to which the United States is signatory. See, e.g., Estate of Vriniotis v. Commissioner,79 T.C. 298 (1982); Rev. Rul. 78-153, 1978-1 C.B. 315. Petitioners' conclusion that the United States is expending revenues obtained pursuant to the income tax on activities which violate treaty obligations does not bring them within the meaning of section 7852(d). No treaty exists which exempts their income from taxation. Summary judgment is appropriate if there is no genuine issue as to a material fact and, as a matter of law, the moving party is entitled to a judgment under the facts thus known. Espinoza v. Commissioner,78 T.C. 412, 416 (1982); Matson Navigation Co. v. Commissioner,67 T.C. 938, 951 (1977); Rule 121(b), Tax Court Rules of Practice and Procedure. In this case there is no dispute that petitioners claim a deduction which, as a matter of law, *17 is unsupportable. Therefore, we will grant respondent's motions for summary judgment insofar as they result in the deficiencies determined. Such motions will also be granted with respect to the additions to tax under section 6653(a). Petitioners' decision to claim the deduction was calculated. They knew from their previous experience in this Court, as well as from statutory, regulatory, and case law authority that no deduction is permitted for the reasons they cite. We think their claim was made with an intentional disregard of the rules and regulations. See Purvis v. Commissioner,supra.Despite petitioners' "due process" arguments, a motion for summary judgment is appropriate under these circumstances. We reach a different result regarding the imposition of damages sought by respondent under section 6673. It is true that where a taxpayer has previously litigated and lost the "war protest" deduction, and the subsequent action would only result in a delay in the payment of tax, the damages have been imposed. Sydnes v. Commissioner,74 T.C. 864 (1980), affd. per curiam 647 F.2d 813 (8th Cir. 1981); Greenberg v. Commissioner,73 T.C. 806, 815-816 (1980). *18 But where the previous case was decided under section 7463 and could not be appealed, and the taxpayers evidenced a sincere belief that they could win on appeal, the damages were not imposed. Van Tol v. Commissioner,T.C. Memo. 1981-237. Petitioners here have raised one new issue for consideration. Since their previous case was a small tax case, they may have been motivated by a sincere desire to litigate this issue with an honest belief that they could win, at least on appeal. Therefore, we are not convinced in these particular circumstances that the petitioners sought merely to delay payment of the tax. Hence, we will deny respondent's motion for summary judgment on the issue of the $500 damages under section 6673. However, we point out to petitioners that the field of undecided valid questions surrounding the claimed "war tax credit" has become almost barren, and any future petitions filed with this Court on this issue by petitioners may well result in the imposition of damages under section 6673. [6]
*19 An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. T.C. Summary Opinion 180-585, filed October 27, 1980.↩
3. See, e.g., Scheide v. Commissioner,65 T.C. 455 (1975); Egnal v. Commissioner,65 T.C. 255 (1975); Russell v. Commissioner,60 T.C. 942 (1973); Graves v. Commissioner,T.C. Memo. 1982-507; also T.C. Memo. 1981-154, affd. in unpublished order (6th Cir. 1982, 82-1 USTC par. 9223); also T.C. Memo. 1976-353, affd. per curiam 579 F.2d 392 (6th Cir. 1978), cert. denied 440 U.S. 946↩ (1979).
4. 18 U.S.C. section 960: Expedition against friendly nation Whoever, within the United State, knowingly begins or sets on foot or provides or prepares a means for or furnishes the money for, or takes part in, any military or naval expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony, district, or people with whom the United States is at peace, shall be fined not more than $3,000 or imprisoned not more than three years, or both.↩
5. Section 7852… (d) TREATY OBLIGATIONS.-- No provision of this title shall apply in any case where its application would be contrary to any treaty obligation of the United States in effect on the date of enactment of this title.↩
6. Section 6673, as amended by Pub. L. 97-248, 96 Stat. 574, Tax Equity and Fiscal Responsibility Act of 1982, provides that actions commenced in the Tax Court after December 31, 1982, which are instituted or maintained by a taxpayer primarily for delay or where his position is frivolous or groundless, damages up to $5,000 my [may] be awarded by the Court to the United States.↩