**Robert G. RANDALL, II, and Linda P. Randall, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.**

No. 83–8425.

United States Court of Appeals, Eleventh Circuit.

June 11, 1984.

Robert G. Randall, II, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Chief, Appellate Section, Gary R. Allen,

Lisa A. Prager, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

PER CURIAM:

This case presents a new twist in two respects to the attempt to claim a credit against income taxes because of the religious beliefs of the taxpayer.[1] First, rather than claiming a credit for just the percentage of his tax that reflects the percentage of the Government's budget utilized for military spending, roughly 61% according to taxpayer, the claim here is for 100% of the taxes he would owe based on the assertion that the payment of *any* money to the United States Treasury would be the commission of a mortal sin. Second, rather than basing his claim on the First Amendment of the Constitution, taxpayer contends that 26 U.S.C.A. § 7852(d) protects him from payment of taxes. Section 7852(d) states that no provision of the Internal Revenue Code shall apply where it "would be contrary to any treaty obligation of the United States."[2] Taxpayer contends that the requirement that he pay taxes violates treaties of the United States in two ways. First, United States military spending is in violation of international treaty obligations. Second, the United States is obligated by treaty to observe the religious freedom of its citizens, and it is contrary to this treaty obligation to fail to honor taxpayers' free practice of religion by requiring him to pay taxes to the general treasury of the United States, from which military expenditures are made.

---

1. Taxpayer and his wife filed a joint return. The wife is not a conscientious objector and did not claim a conscientious objector tax credit. The deficiency in dispute pertains to a credit claimed with respect to taxpayer's percentage of the couple's total income.

2. 6 U.S.C.A. § 7852(d) provides in full:

"Treaty obligations.—No provision of this title shall apply in any case where its application would be contrary to any treaty obligation of the United States in effect on the date of enactment of this title. Aug. 16, 1954, c. 736, 68A Stat. 922."

■ It is well· established that all deductions or credits from income are matters of legislative grace, *New Colonial Ice Co. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934), and are not allowable unless Congress specifically provides for them. *Deputy v. DuPont,* 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940). The burden of clearly showing the Commissioner's determination erroneous is on the taxpayer. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).

■ In sustaining the Commissioner's refusal to allow the tax credit claimed on this basis, the tax court recognized that the sole purpose of section 7852(d) was to insure that the application of the Internal Revenue Code would in no way abrogate any existing tax treaties in the collection of taxes. Plainly, that section is not concerned with the ways in which Government funds, generated by tax revenues, are ultimately spent. *Doyle v. Commissioner,* 45 T.C.M. (CCH) 410 (1982), *aff'd without published opinion* (2d Cir.1983); *see* 8 J. Mertens, *Law of Federal Income Taxation (Rev.),* § 45.69 n. 2. Following taxpayer's argument would suggest that Congress intended to put the ability of the Government to collect taxes in great jeopardy. If Congress ever decides to inflict a mortal wound on the Government of the United States, a high degree of preciseness may be expected.

Similar arguments involving objections to the Government's military expenditures as a basis for non-payment of taxes have been raised by taxpayers many times, and in each instance the courts have rejected them. Following is a list of decisions cited by the Government, with the observation that it could have cited several pages of similar cases: *First v. Commissioner,* 547 F.2d 45 (7th Cir.1976); *Lull v. Commissioner,* 602 F.2d 1166 (4th Cir.1979), *cert. denied,* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *Autenrieth v. Cullen,* 418 F.2d 586 (9th Cir.1969), *cert. denied,* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970); *Greenberg v. Commissioner,* 73 T.C. 806 (1980); *Graves v. Commissioner,* 579 F.2d 392, 393–394 (6th Cir.1978), *cert.*

*denied,* 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979); *Anthony v. Commissioner,* 66 T.C. 367 (1976) *aff'd without published opinion,* 566 F.2d 1168 (3d Cir. 1977), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Costello v. Commissioner,* 44 T.C.M. (P–H) para. 75,-055 (1975), *aff'd per curiam,* 76–1 U.S.T.C. para. 9117 (2d Cir. Nov. 20, 1975); *United States v. Haworth,* 386 F.Supp. 1099 (S.D. N.Y.1974); *Harper v. Commissioner,* 42 T.C.M. (P–H) para. 73,214 (1973), *aff'd without published opinion,* 505 F.2d 730 (3d Cir.1974); *Scheide v. Commissioner,* 65 T.C. 455 (1975); *Russell v. Commissioner,* 60 T.C. 942 (1973). Indeed, the Supreme Court has itself recently rejected the idea that "[i]f ... a religious adherent believes war is a sin, and if a certain percentage of the federal budget [is] ... devoted to war-related activities, such individuals would ... be exempt from paying that percentage of the income tax." *United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982).

■ Contrary to taxpayer's argument as to the thrust of the Nuremberg Principles and other principles of international law, the act of paying taxes does not amount to complicity in any war crime committed by the Government. *Egnal v. Commissioner,* 65 T.C. 255, 260 (1975); *Purvis v. Commissioner,* 47 T.C.M. (P–H) para. 78,151 (1978), *aff'd without opinion,* 633 F.2d 223 (9th Cir.1980), *cert. denied,* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981). With respect to any violation of international law committed by the Government, the taxpayer as a taxpayer is exempted from complicity by his remoteness and utter lack of direct involvement. *Cf. United States v. Malinowski,* 472 F.2d 850, 856 n. 7 (3d Cir.1973), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); *United States v. Valentine,* 288 F.Supp. 957, 986–87 (P.R.1968). It has been consistently held that the Nuremberg Principles furnish no excuse for the non-payment of taxes. *Lull v. Commissioner, supra; First v. Commissioner, supra; Farmer v. Rountree,* 149 F.Supp. 327 (M.D.Tenn.1956), *aff'd per curiam,* 252 F.2d 490 (6th Cir.

1958), *cert. denied*, 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958), *rehearing denied*, 358 U.S. 858, 79 S.Ct. 14, 3 L.Ed.2d 92 (1958); *Anthony v. Commissioner*, 66 T.C. 367 (1976), *aff'd*, 566 F.2d 1168 (3d Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Egnal v. Commissioner, supra; Scheide v. Commissioner, supra; Muste v. Commissioner*, 35 T.C. 913, 920 (1961); *cf. United States v. Malinowski, supra* at 856.

▮ Although the courts have continually rejected the theory that a taxpayer may refuse to pay taxes for religious reasons, we have published this opinion because of the novel argument by taxpayer. Hereafter, claims with this argument may be considered as frivolous as those based on the United States Constitution for the purpose of sanctions against such claims.[3]

AFFIRMED.

**3.** The tax court denied summary adjudication on the Commissioner's claim for damages and addition to the tax under section 6653(a). Stating that factual issues existed with respect to each of those matters, the tax court noted that, although petitioners always relied on section 7852(d) to sustain their claimed credit, respondent never responded to or addressed that contention.