**William E. McNAIR, Plaintiff-Appellant,**

v.

**Roscoe EGGERS, Commissioner of Internal Revenue, United States of America, acting in his official capacity, Defendant-Appellee.**

No. 85–8702
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1986.

---

Glenn L. Archer, Jr., Michael L. Paup, Gary R. Allen, Douglas G. Coulter, Asst. Attys. Gen., Tax. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant McNair appeals the district court's dismissal of his "Petition for Writ of Prohibition" for lack of jurisdiction. Appellant's complaint sought to prevent the collection of taxes assessed against him. As such, it was proscribed by the Anti-Injunction Act, 26 U.S.C. § 7421 (1982). We agree with the district court that this action was not within the exception noted in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6–7, 82 S.Ct. 1125, 1128–29, 8 L.Ed.2d 292 (1962). Moreover, appellant's action, to the extent he sought return of his property, was not properly before the district court because he did not allege he had filed a claim for refund or credit with the Internal Revenue Service. 26 U.S.C. § 7422(a) (1982). We therefore affirm the district court's decision.

On appeal, the government asks that sanctions be imposed against appellant for filing a frivolous appeal. Where an appellant's contentions are stale and have long been settled, sanctions may be imposed, including double costs and attorney's fees. *See e.g., Waters v. Commissioner,* 764 F.2d 1389, 1390 (11th Cir.1985) *Biermann v. Commissioner,* 769 F.2d 707, 708 (11th Cir.1985). Appellant asserts various tax protester type arguments: (1) the Internal Revenue Service has no jurisdiction over him; (2) his wages are not "income;" and (3) he is not a person subject to tax. These arguments are patently frivolous and have been rejected by our court numerous times. Under these circumstances, it is appropriate to exercise our discretion to award double costs and reasonable attorney's fees. We remand to the district court for a determination of reasonable attorney's fees to be awarded to the government for the cost of defending this appeal.

AFFIRMED, (double costs assessed) and REMANDED.