T.C. Memo. 2005-212

UNITED STATES TAX COURT

CHAY R. STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10829-04.                    Filed September 12, 2005.

Chay R. Stewart, pro se.

<u>Lorraine D. Masano</u> and <u>Francis C. Mucciolo</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's income tax of $53,524 for 2000 and $81,458 for 2001 and that petitioner is liable for additions to tax for failure to file under section 6651(a)(1) of $13,381 for 2000 and $20,364.50 for 2001 and for failure to pay estimated tax under section 6654 of $2,858.96 for 2000 and $3,255.36 for 2001.

The issues for decision are:

1.   Whether respondent's determination of petitioner's income tax deficiencies for 2000 and 2001 is valid.  We hold that it is.

2.   Whether petitioner was denied equal protection and due process of law because respondent failed to allow business expense deductions based on statistical information.  We hold that he was not.

3.   Whether petitioner is liable for additions to tax for failure to file under section 6651(a) and for failure to pay estimated tax under section 6654(a).  We hold that he is.

4.   Whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions.  We hold that he is not.

Section references are to the Internal Revenue Code.

FINDINGS OF FACT

The parties submitted this case fully stipulated under Rule 122.

A.   Petitioner

Petitioner lived in Ormond Beach, Florida, when he filed his petition.  In 2000 and 2001, petitioner sold insurance and financial products for which he received commissions.  He received the following payments:

| Payor | 2000 | 2001 | Type of payment |
|---|---|---|---|
| Midland Natl. Life Ins. Co. | $129,829 | $221,795 | commissions |
| Lifeusa Ins. Co. | 17,812 | | commissions |
| Financial Brokerage, Inc. | 8,646 | 3,008 | commissions |
| Fidelity & Guaranty Life Ins. | | 1,050 | commissions |
| American Equity Inv. Life Ins | | 6,017 | commissions |
| Charles Schwab & Co. | 541 | 96 | interest |
| Commercial Bank of Volusia County | 682 | 481 | interest |
| | $157,510 | $232,447 | |

Petitioner filed no Federal income tax returns and made no estimated tax payments for 2000 and 2001.  No Federal income tax was withheld from his income for 2000 and 2001.

B.   Respondent's Determination

In the notice of deficiency, respondent determined that petitioner had received but failed to report self-employment income from commissions in the amounts of $156,287 in 2000 and $231,870 in 2001 and interest income in the amounts of $1,223 in 2000 and $577 in 2001.  Respondent determined that petitioner's filing status was single and that he was entitled to claim the standard deduction and one exemption.  Respondent determined that petitioner was liable for additions to tax for failure to file

under section 6651(a)(1) and failure to pay estimated tax under section 6654.

## OPINION

A. Whether Respondent's Determination of Petitioner's Deficiencies in Income Tax for 2000 and 2001 Is Valid

Petitioner contends that respondent prepared only "dummy returns"[1] for 2000 and 2001, and that respondent's determination of his deficiencies in income tax for 2000 and 2001 is invalid because respondent did not prepare for each year a substitute return that qualified under section 6020(b).[2] We disagree.

Petitioner's contention that the Commissioner must file a substitute for return under section 6020(b) before determining a

---

[1] A "dummy return" is generated to open an account for the taxpayer on the master file and normally consists of a first page of a Form 1040, U.S. Individual Income Tax Return, which contains a taxpayer's name, address, and Social Security number. Internal Revenue Manual, Chief Counsel Directives Manual-Tax Litigation, sec. 35.4.27.2 (Nov. 16, 1999); see Spurlock v. Commissioner, T.C. Memo. 2003-124 n.18.

[2] Sec. 6020(b) provides:

SEC. 6020(b). Execution of Return by Secretary.--

(1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

deficiency is frivolous.  <u>Schiff v. United States</u>, 919 F.2d 830, 832-833 (2d Cir. 1990).

The Commissioner need not prepare a substitute for return under section 6020(b) in order to determine a deficiency for a taxpayer who has not filed a return for that year.  <u>Roat v. Commissioner</u>, 847 F.2d 1379, 1381 (9th Cir. 1988); <u>Hartman v. Commissioner</u>, 65 T.C. 542, 545 (1975); <u>Burnett v. Commissioner</u>, T.C. Memo. 2002-181, affd. without published opinion 67 Fed. Appx. 248 (5th Cir. 2003).  Where a taxpayer files no return, respondent may determine the deficiency as if a return had been filed on which the taxpayer reported the amount of tax due was zero; the deficiency is the amount of tax due.  <u>Laing v. United States</u>, 423 U.S. 161, 174 (1976); <u>Schiff v. United States</u>, <u>supra</u>; <u>Roat v. Commissioner</u>, <u>supra</u>.

B.    <u>Whether Petitioner Was Denied Equal Protection and Due Process of Law Because Respondent Failed To Allow Business Expense Deductions Based on Statistical Information for His Industry</u>

Petitioner contends that he was denied equal protection and due process of law because respondent failed to allow business expense deductions based on statistical information for his insurance and financial products industry.  We disagree.

A taxpayer may deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Sec. 162(a).  Taxpayers are required to maintain records that sufficiently establish the amount of claimed deductions.  Sec.

6001; sec. 1.6001-1(a), Income Tax Regs.  Petitioner bears the
burden of proof.  Rule 142(a).[3]

If a taxpayer establishes that he or she paid a deductible
expense but cannot substantiate the precise amount, we may
estimate the amount of the deductible expense.  Cohan v.
Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); Vanicek v.
Commissioner, 85 T.C. 731, 742-743 (1985).  The taxpayer must
present credible evidence that provides a rational basis for our
estimate.  Vanicek v. Commissioner, supra.  We may estimate the
taxpayer's expenses bearing heavily against the taxpayer whose
"inexactitude is of his own making."  Cohan v. Commissioner,
supra; Maciel v. Commissioner, T.C. Memo. 2004-28.

Petitioner asks us to estimate the amount of his business
expense deductions under Cohan and contends that he is entitled
to deductions based on statistical information for the insurance
and financial products industries.  We disagree.  Cohan does not
apply because petitioner did not present evidence (statisticial
or otherwise) that he incurred deductible expenses greater than
the amount of the standard deduction allowed by respondent.
Thus, we have no basis to estimate the amount of his deductible
expenses.

---

[3]  Petitioner does not contend that the burden of proof
shifts to respondent under sec. 7491(a).

Citing Brenner v. Commissioner, T.C. Memo. 2004-202, petitioner contends that respondent routinely allows more than 50 percent of a taxpayer's gross compensation for business expenses for a taxpayer in petitioner's business and location. We disagree. Like petitioner, the taxpayer in Brenner v. Commissioner, supra, was in the insurance business and lived in Ormond Beach, Florida, when he filed his petition. The Commissioner used the bank deposits method to reconstruct his income. The Commissioner allowed the taxpayer to deduct estimated insurance business expenses equal to 54.77 percent of his commissions based on the Statistics of Labor Bulletin, Sole Proprietorship Returns, 1994, Table 2.--Nonfarm Sole Proprietorships: Income Statements, by Selected Groups: Insurance agents and brokers (statistics for insurance agents).

The Commissioner's allowance of business expenses based on Bureau of Labor Statistics figures in Brenner does not establish that respondent routinely allows a business deduction based on statistics or industry averages or that respondent is required to use them. Our responsibility as a Court is to apply the law to the facts of the case before us; how the Commissioner treated other taxpayers is generally irrelevant in making that determination, Davis v. Commissioner, 65 T.C. 1014, 1022 (1976); Teichgraeber v. Commissioner, 64 T.C. 453, 456 (1975), absent proof that a taxpayer has been singled out for adverse treatment

based on impermissible considerations such as race, religion, or other arbitrary classification, and absent contractual agreements to the contrary, Estate of Campion v. Commissioner, 110 T.C. 165, 170 (1998), affd. without published opinion sub nom. Drake Oil Tech. Partners v. Commissioner, 211 F.3d 1277 (10th Cir. 2000), and Tucek v. Commissioner, 198 F.3d 259 (10th Cir. 1999); Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 58-59, supplemented by 104 T.C. 417 (1995), affd. 140 F.3d 240 (4th Cir. 1998); Davis v. Commissioner, supra.

We conclude that petitioner is not entitled to business deductions based on statistical information and that he was not denied equal protection or due process of law because respondent did not allow such deductions.

C.    Additions to Tax

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax.  To meet that burden, the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax, but the Commissioner need not produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. at 995.  Respondent has met the burden of production under section 7491(c) with respect to the addition to tax for failure (1) to file under section

6651(a)(1) because the record shows that petitioner was required to file but has not filed a return for 2000 and 2001; and (2) to make estimated tax payments under section 6654(a) because the record shows that he did not make estimated tax payments with respect to his tax liability for 2000 or 2001.

Petitioner offers no defense to the additions to tax determined by respondent. We conclude that he is liable for the additions to tax for failure to file under section 6651(a)(1) of $13,381 for 2000 and $20,364.50 for 2001 and for failure to pay estimated tax under section 6654(a) of $2,858.96 for 2000 and $3,255.36 for 2001.

D. Whether Petitioner Is Liable for a Penalty Under Section 6673

Respondent alleges for the first time on brief that petitioner is liable for a penalty under section 6673 because he made only frivolous arguments. Petitioner contends that he is not liable for a penalty under section 6673 because (1) his arguments are supported by a reasoned argument for a change in case authority, and (2) the majority of cases hold that the Commissioner cannot determine a deficiency for a year for which the taxpayer did not file a return.

The Court may impose a penalty of up to $25,000 if the position or positions asserted by the taxpayer in the case are frivolous or groundless or the proceedings were instituted primarily for delay. Sec. 6673(a)(1)(B). A position maintained

by the taxpayer is frivolous if it is contrary to established law and is not supported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Gilligan v. Commissioner, T.C. Memo. 2004-194.

Petitioner's contention that the Commissioner cannot determine a deficiency for a year for which a taxpayer did not file a return is frivolous. Scruggs v. Commissioner, T.C. Memo. 1995-355, affd. without published opinion 117 F.3d 1433 (11th Cir. 1997); Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994).

However, not all of petitioner's arguments are frivolous. For example, petitioner contended in his pretrial memorandum that respondent is required to reduce petitioner's gross receipts by the average business expense for the insurance industry. Petitioner pointed out that in Brenner v. Commissioner, T.C. Memo. 2004-202, the Commissioner allowed as a business expense deduction 54.77 percent of the gross receipts of a nonfiling taxpayer from Ormond Beach, Florida, who sold insurance and financial products.

We do not impose a penalty under section 6673 because not all of petitioner's arguments are frivolous. However, we warn petitioner that the Court may impose this penalty in the future if he makes frivolous arguments or institutes proceedings primarily for delay.

To reflect the foregoing,

Decision will be

entered for respondent.