[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14952
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-80998-CV-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KORMAN,

Defendant-Third-Party
Plaintiff-Appellant,

PAMELA KORMAN,

Defendant-Third-Party
Plaintiff,

INTERNAL REVENUE SERVICE,
et al.,

Defendants,

versus

CALVIN BYRD,

Third-Party-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

John Korman, proceeding pro se, appeals the grant of summary judgment to

the United States on its claim seeking to reduce to judgment Korman's unpaid

1996 federal income tax.  No reversible error has been shown; we affirm.

Here, the government supported its summary judgment motion with (1) a

declaration of Calvin Byrd, an Internal Revenue Service (IRS) revenue officer,

stating that Korman filed a federal income tax return for 1996, with a tax liability

of $89,913.00, and that he had not paid the assessment despite notice and demand

for payment, and (2) a certified copy of a Form 4340 "Certificate of Assessments,

Payments, and Other Specified Matters" that reflected the 1996 assessment, all

penalties, interest, and other fees, credits granted to Korman for tax overpayments

in 1998 and 1999, and a reduction for $150,000 received from Defendant Aurora

Loan Services.[1]  Over Korman's opposition, the district court granted the

_____

[1]The government included Aurora as a defendant because it had an interest in real
property owned by Korman on which the government sought to foreclose.  But pursuant to an

2

government's motion and entered summary judgment against Korman in the amount of $36,719.65, plus all interest and statutory additions "accruing thereafter as provided by law."

On appeal, Korman raises a host of procedural arguments for avoiding the judgment.[2] We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

"In reducing [a tax] assessment to judgment, the Government must first prove that the assessment was properly made." United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006). Submission of a Form 4340 creates a presumption that the assessment was proper. Id. "Once the Form is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail." Id.

The government's submission of the Form 4340 was presumptive proof of Korman's tax liability; and Korman brought forth no evidence to show that the tax

---

agreement between Aurora and the government, wherein Aurora agreed to pay $150,000, Aurora was dismissed as a defendant.

[2]Korman purports to challenge the district court's jurisdiction. But district courts have jurisdiction to hear civil actions to collect taxes. 26 U.S.C. § 7402(a). Korman's arguments are all wrong either factually (e.g., his contentions that the summons was not signed by the clerk and the Attorney General did not authorize the lawsuit against him) or legally (e.g., his contention that the Supplemental Federal Rules of Civil Procedure for admiralty and forfeiture actions govern and require the government to verify its complaint).

assessment was erroneous. Although he implies in his brief that the federal income tax return (Form 1040) referenced in the Form 4340 may be a forgery or otherwise inaccurate, Korman did not counter that document with a copy of the Form 1040 he himself filed to demonstrate any purported conflicting information. Korman argues the tax assessment is invalid because the government never sent him a notice and demand for payment, but the Form 4340 indicates a notice was sent; and even still, a notice of assessment need not be sent before the government may file suit. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989). Korman's other arguments challenging the tax assessment are erroneous, unsupported, or irrelevant.[3]

Korman's remaining appellate arguments are frivolous. See, e.g., United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (describing as "utterly without merit" contentions that federal jurisdiction extends only to Washington, D.C. and federal territories and enclaves, that federal income tax laws do not apply to residents of the states, and that only the withholding agents of nonresident aliens and foreign corporations are subject to federal income tax); McNair v. Eggers, 788

---

[3]We reject Korman's argument that he wrongly was denied the opportunity to depose two IRS employees involved in responding to Korman's Freedom of Information Act requests. The government agreed to stipulate to the authenticity of the information these employees provided in the IRS responses to Korman's requests; and the district court abused no discretion in granting the government's request for a protective order. See Lee v. Etowah County Bd. of Educ., 963 F.2d 1416, 1420 (11th Cir. 1992).

F.2d 1509, 1510 (11th Cir. 1986) (characterizing as "stale" and "patently frivolous" arguments that wages do not qualify as income and that the taxpayer is not "a person" subject to the tax laws). We affirm the district court's grant of summary judgment to the government.

AFFIRMED.