T.C. Memo. 2012-92

UNITED STATES TAX COURT

DOUGLAS R. CATON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5071-10.                    Filed March 28, 2012.

Douglas R. Caton, pro se.

<u>Michael J. Gabor</u> and <u>Jeffrey S. Luechtefeld</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined deficiencies in petitioner's 2004
and 2005 Federal income tax in the respective amounts of $53,635 and $50,456,
plus additions to tax under sections 6651(a)(2), 6651(f), and 6654.[1]  The issues for

_____

[1]  Unless otherwise indicated, all section references are to the Internal
                                                                (continued...)

decision are: (1) whether petitioner is liable for the deficiencies; (2) whether petitioner is liable for additions to tax under sections 6654 and 6651(f) and (a)(2);[2] and (3) whether the Court should impose a penalty on petitioner under section 6673(a)(1).[3]

## FINDINGS OF FACT

The facts have been deemed stipulated under Rule 91(f) and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Fort Meyers, Florida, at the time the petition was filed.

Petitioner filed income tax returns on Forms 1040EZ, Income Tax Return for Single and Joint Filers with No Dependents, for 2004 and 2005 (collectively, purported returns). Petitioner's purported returns were "zero" returns in that on each return he listed zero as the amount of his wages, total income, adjusted gross

---

[1](...continued)
Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent argues that if petitioner is not liable for an addition to tax under sec. 6651(f) for fraudulent failure to file a return, he is liable for the fraud penalty under sec. 6663 or, alternatively, for the accuracy-related penalty under sec. 6662.

[3] At trial respondent made an oral motion to impose a penalty under sec. 6673.

income, taxable income, and total tax. Petitioner attached a Form 4852, Substitute

for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From

Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts,

etc., to each return. Both Forms 4852 stated that petitioner did not receive wages in

2004 and 2005.

However, during 2004 and 2005 petitioner received $194,317 and $186,213,

respectively, for services performed for Mac Papers, Inc.[4] For each year, petitioner

submitted to Mac Papers, Inc., a Form W-4, Employee's Withholding Allowance

Certificate, on which he claimed to be exempt from income tax withholding.[5]

Consequently, Mac Papers, Inc., did not withhold income tax from petitioner's

compensation for either year.

Respondent did not treat petitioner's purported returns as valid returns.

Rather, pursuant to section 6020(b), he prepared substitutes for returns (SFRs) for

2004 and 2005.[6] On December 2, 2009, respondent issued notices of deficiency

---

[4] Mac Papers, Inc., has employed petitioner as a salesman since 1983.

[5] Petitioner submitted similar Forms W-4 to his employer since 1997.

[6] The SFRs were prepared using a filing status of married filing separately because petitioner did not elect the joint filing status on valid returns for the years in issue. The record does not indicate whether any SFRs were prepared for petitioner's wife.

relating to petitioner's 2004 and 2005 tax years.  Petitioner timely filed a petition with the Court.

OPINION

I.  Deficiencies

The Commissioner's deficiency determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of demonstrating otherwise.[7] Rule 142; New Colonial Ice. Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 112 (1933).  However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may shift to the Commissioner in certain situations.  Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a), and therefore he bears the burden of proof.

Petitioner concedes that he received the amounts of compensation set out in the notices of deficiency.  However, petitioner asserts, using arguments that this Court has long deemed frivolous, that the income he received in 2004 and 2005 was not taxable income within the meaning of the law.[8]

_____

[7] As discussed infra p. 8, respondent has the burden of proving fraud by clear and convincing evidence.  See sec. 7454(a); Rule 142(b).

[8] Additionally, petitioner offers numerous arguments objecting to the

(continued...)

Section 61(a) defines gross income to include "income from whatever source derived". More specifically, section 61(a)(1) includes in an individual's gross income any compensation for services, interest payments, dividend payments, and gains derived from dealings in property. Clearly, petitioner's compensation from Mac Papers, Inc., is gross income for Federal income tax purposes. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955) (stating that gross income includes all accessions to wealth that are clearly realized and under the control of the taxpayer); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (describing the taxpayer's argument that his wages were not income as "patently frivolous"); Grimes v. Commissioner, 82 T.C. 235, 237 (1984); Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981). Consequently, we uphold respondent's

[8](...continued)
imposition of an income tax in general, including arguments that the income tax is unconstitutional, the income tax is voluntary, and he is not a person subject to tax. This Court and others have long rejected such arguments as frivolous and without merit. See McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (stating argument that taxpayer is not person subject to tax is "patently frivolous" and has been rejected by court numerous times); Turner v. Commissioner, T.C. Memo. 2004-251 (observing that "[n]umerous courts have held that the payment of Federal income taxes is not voluntary"); Nunn v. Commissioner, T.C. Memo. 2002-50 (rejecting as without merit the argument that the Federal income tax is unconstitutional).

determinations of deficiencies in petitioner's income tax for his 2004 and 2005 tax years.[9]

II.  Additions to Tax

A.  Section 6651(f)

We address next whether petitioner is liable for the addition to tax under section 6651(f) for fraudulently failing to file a return.  Although petitioner filed what purported to be tax returns for 2004 and 2005, he filled in zeros for all lines where he should have reported income, and respondent treated those returns as invalid returns.  Respondent now contends that petitioner should be liable for an addition to tax for each year for fraudulently failing to file a return.

---

[9]  Petitioner also argues that he is not liable for the deficiencies because he had not signed the SFRs.  Sec. 6020(b) allows the Secretary (or other authorized internal revenue officer or employee) to prepare a return "from his own knowledge and from such information as he can obtain through testimony or otherwise".  See also sec. 301.6020-1(a)(1), Proced. & Admin. Regs.  The regulations provide that a substitute for return is valid if it "identifies the taxpayer by name and taxpayer identification number, contains sufficient information from which to compute the taxpayer's tax liability, and purports to be a return."  Sec. 301.6020-1(b)(2), Proced. & Admin. Regs.  Additionally, the return must be signed by an internal revenue officer or employee to signify that the officer or employee has "adopted the document as a return for the taxpayer."  Id.  The SFRs respondent prepared are valid under the regulations, and petitioner's signature is not required.  See Malone v. Commissioner, T.C. Memo. 1998-372 (finding that taxpayers failed to state claim upon which relief could be granted when they argued that SFRs not signed by taxpayers were invalid).

The majority of courts, including this Court, have held that a return that contains only zeros is generally not a valid return. See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); United States v. Edelson, 604 F.2d 232 (3d Cir. 1979); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003). For example, in Moore, 627 F.2d at 835, the Court of Appeals for the Seventh Circuit noted that a tax might conceivably be calculated on the basis of the zero entries; however, "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code." See also Mosel, 738 F.2d at 158. Accordingly, we conclude that petitioner's purported returns for 2004 and 2005 were invalid and tantamount to failing to file returns. We must therefore consider whether petitioner's failure to file returns should be considered fraudulent.

In deciding whether a failure to file is fraudulent under section 6651(f), we consider the same elements that are considered in imposing the addition to tax for fraud under former section 6653(b) and present section 6663. Clayton v. Commissioner, 102 T.C. 632, 653 (1994). Fraud is defined as an intentional

wrongdoing designed to evade tax believed to be owing.  Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958); Miller v. Commissioner, 94 T.C. 316, 332 (1990).  The Commissioner bears the burden of demonstrating fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), aff'g per curiam T.C. Memo. 1985-63; Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977).  To carry the burden of proof on the issue of fraud, the Commissioner must show, for each year in issue, that (1) an underpayment of tax exists and (2) some portion of the underpayment is due to fraud.  Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989).

With respect to the foregoing test, the Commissioner need not prove the precise amount of the underpayment resulting from fraud, but only that some part of the underpayment of tax for each year in issue is attributable to fraud.  Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), aff'g T.C. Memo. 1970-274; Petzoldt v. Commissioner, 92 T.C. at 699.

The Commissioner must show that the taxpayer intended to evade taxes known or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes.  Korecky v. Commissioner, 781 F.2d at

1568; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraud is not to be imputed or presumed, but rather must be established by some independent evidence of fraudulent intent. Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). However, fraud need not be established by direct evidence, which is rarely available, but may be proved by surveying the taxpayer's entire course of conduct and drawing reasonable inferences therefrom. Spies v. United States, 317 U.S. 492, 499 (1943); Korecky v. Commissioner, 781 F.2d at 1568; Rowlee v. Commissioner, 80 T.C. at 1123. Although fraud may not be found under "'circumstances which at most create only suspicion'", Petzoldt v. Commissioner, 92 T.C. at 700 (quoting Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950), remanding a Memorandum Opinion of this Court), the intent to defraud may be inferred from any conduct the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes believed to be owing, Spies, 317 U.S. at 499.

Courts have relied on a number of indicia or badges of fraud in deciding whether to sustain the Commissioner's determinations with respect to the additions to tax for fraud. Although no single factor may be necessarily sufficient to establish fraud, the existence of several indicia may be persuasive circumstantial evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), aff'g per

curiam T.C. Memo. 1982-603; Beaver v. Commissioner, 55 T.C. at 93. Circumstantial evidence that may give rise to a finding of fraudulent intent includes: understatement of income, inadequate records, failure to file tax returns, concealment of assets, failure to cooperate with tax authorities, filing false Forms W-4, failure to make estimated tax payments, failure to report income over an extended period, and asserting frivolous arguments and objections to the tax laws. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Solomon v. Commissioner, 732 F.2d at 1461-1462; DeVries v. Commissioner, T.C. Memo. 2011-185. These badges of fraud are nonexclusive. Miller v. Commissioner, 94 T.C. at 334. The taxpayer's background and the context of the events in question may be considered circumstantial evidence of fraud. Spies, 317 U.S. at 497; Plunkett v. Commissioner, 465 F.2d at 303.

The instant case involves many badges of fraud. First, petitioner failed to file valid returns for the years in issue. Second, petitioner failed to make estimated payments for those years. Third, petitioner asserted only frivolous tax-protester arguments at trial and on brief. Fourth, for nine years petitioner has been filing with Mac Papers, Inc., false Forms W-4 on which he claimed to not be subject to Federal income tax or income tax withholding. We have held that the filing of false Forms

W-4 based upon a taxpayer's purported belief that he is exempt from tax is evidence of fraud.  See Rowlee v. Commissioner, 80 T.C. at 1125; Teeters v. Commissioner, T.C. Memo. 2010-244; see also United States v. Kelley, 769 F.2d 215, 217 (4th Cir. 1985) (it was deceptive to file Forms W-4 claiming, on the basis of frivolous arguments, that wages were exempt from income tax).

We conclude that the record shows by clear and convincing evidence that petitioner understated his income and that his failure to file valid returns was fraudulent.  Consequently, we hold that petitioner is liable for additions to tax under section 6651(f) for his 2004 and 2005 tax years.

B.  Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  Pursuant to section 7491(c), respondent has the burden of production with respect to any penalty, addition to tax, or additional amount imposed by the Code.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The Commissioner's burden of production requires him to introduce evidence that the tax was shown on a Federal income tax return.  Cabirac v. Commissioner,

120 T.C. 163. When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared an SFR that meets the requirements of section 6020(b). Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Petitioner failed to make income tax payments for the years at issue. Respondent introduced into evidence valid SFRs for the years at issue, thereby satisfying his burden of production. Petitioner has presented no evidence indicating that his failures to pay were due to reasonable cause and not willful neglect or that respondent's determinations are otherwise incorrect. We therefore hold that petitioner is liable for the additions to tax under section 6651(a)(2) for 2004 and 2005 as respondent determined.

C. Section 6654

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return.

Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10. Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had required annual payments for 2004 and 2005 under section 6654(d). See Higbee v. Commissioner, 116 T.C. at 446.

Petitioner made no payments of estimated tax for either of the years 2004 and 2005. The record establishes that petitioner had a required annual payment for each of those years. Petitioner did not file Federal income tax returns for tax years 2003, 2004, and 2005. Thus, petitioner's required annual payment for each year at issue was equal to 90% of the tax for those years, and respondent has carried his burden of production with respect to the section 6654 additions to tax for the years at issue.

Petitioner has not argued that any of the exceptions to the section 6654 addition to tax applies. We therefore hold that petitioner is liable for the additions to tax under section 6654 for 2004 and 2005 as respondent determined.

III. Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceeding or instituted or maintained the proceeding primarily for delay. Petitioner was warned

by the Court that his arguments were frivolous and that if he continued to advance them, he could be subject to a penalty of up to $25,000. Even after receiving these warnings, he continued to advance frivolous and groundless arguments at trial and in his posttrial brief. We conclude that petitioner's position was frivolous and groundless and that he instituted and maintained these proceedings primarily for delay. Accordingly, we shall grant respondent's motion for a penalty and require petitioner to pay a penalty of $5,000 to the United States pursuant to section 6673(a)(1). We also warn petitioner that we will consider imposing a larger penalty if he returns to the Court and advances frivolous or groundless arguments in the future or institutes or maintains any proceeding primarily for delay.

To reflect the foregoing,

An appropriate order and
decision will be entered.