[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15779
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-01322-RDP


AUBREY MAURICE GARRETT,

Plaintiff-Appellant,


versus


INTERNAL REVENUE SERVICE,
COMMISSONER OF INTERNAL REVENUE,
REBECCA KLINE,
Director of Internal Revenue Service,
each in their professional and personal capacities,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 3, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Aubrey Garrett appeals *pro se* the *sua sponte* dismissal without prejudice of his complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Garrett, a tax protestor, challenged the authority of the Internal Revenue Service and its employees to impose and collect taxes. We affirm.

We review for abuse of discretion the *sua sponte* dismissal of a complaint as frivolous. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are construed liberally. *Id.* "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984).

The district court did not abuse its discretion when it *sua sponte* dismissed Garrett's complaint. Garrett applied to proceed *in forma pauperis*, so the district court was required to review his complaint and to "dismiss the case . . .  if . . . the action or appeal . . .  [was] frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). We have repeatedly rejected Garrett's arguments that he was not a "taxpayer" and was immune from prosecution because he is not a citizen of the United States. *See Stoecklin v. Commissioner*, 865 F.2d 1221, 1223–24 (11th Cir. 1989); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987); *McNair v. Eggers*, 788 F.2d

2

1509, 1510 (11th Cir. 1986). Additionally, as the district court noted, Garrett's complaint was "virtually unintelligible." Because Garrett had no realistic chance of success, the district court was required to dismiss his action as frivolous.

We **AFFIRM** the dismissal of Garrett's complaint.