[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13628
Non-Argument Calendar
_____

Agency No. 13829-15 L

TED LAWRENCE WILLIAMS,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(May 29, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

The Internal Revenue Service sent a notice of deficiency to Ted Williams for unpaid income taxes for 2003 and 2004.  After a collection due process hearing, the IRS upheld the proposed levy action against Williams and rejected as frivolous his arguments that he was excluded from taxation, that the United States Tax Court is illegitimate, and that only certain citizens (such as federal employees) are subject to income tax.

Williams filed a pro se petition in the Tax Court challenging the IRS's determination.  The IRS moved (1) for summary judgment on the ground that its collection action was proper as a matter of law, (2) to impose a penalty against Williams for his frivolous tax protestor arguments, and (3) to remove the suspension of the proposed levy against him.  The Tax Court granted the IRS's motions.  This is Williams' appeal.

Williams contends that the Tax Court and IRS lacked jurisdiction over him and that he is not subject to tax.  Those arguments are frivolous.  See, e.g., Pollard v. Comm'r, IRS, 816 F.2d 603, 604 (11th Cir. 1987) ("[Petitioner] also argued before the Tax Court that the Commissioner had neither personal nor subject matter jurisdiction and that he is not a person subject to tax.  Arguments such as these are patently frivolous and similar arguments have been rejected by this Court on numerous occasions."); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (rejecting such "tax protestor type arguments" as "patently frivolous").  And

2

his brief, liberally construed, does not address any of the Tax Court's reasons for granting the IRS's motions, which means that he has abandoned those issues. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").[1]

**AFFIRMED.**

---

[1] He cites no support for his perfunctory assertion that the IRS sent a deficiency notice to the wrong address. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.") (quotation marks omitted).