# United States Tax Court

T.C. Memo. 2022-101

WILLIAM T. ASHFORD,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket Nos. 17590-18, 2492-19.　　　　　　Filed September 29, 2022.

————

William T. Ashford, pro se.

*Timothy J. Driscoll* and *Amy Dyar Seals*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, *Judge*:　In these consolidated cases respondent determined deficiencies and additions to tax with respect to petitioner's 2013 and 2014 federal income tax as follows:[1]

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| [*2] | | Additions to Tax | | |
|------|------------|-----------------|-----------------|-----------|
| Year | Deficiency | § 6651(a)(1) | § 6651(a)(2)[2] | § 6654(a) |
| 2013 | $30,347 | $6,756.08 | $7,506.75 | $538.57 |
| 2014 | 32,142 | 7,143.98 | 5,873.94 | 569.37 |

The issues for decision are whether petitioner (1) had unreported income as set forth in the notices of deficiency; (2) is liable for the section 72(t) additional tax relating to a distribution he received in 2013; (3) is liable for additions to tax under section 6651(a)(1); (4) is liable for additions to tax under section 6651(a)(2); (5) is liable for additions to tax under section 6654(a); and (6) is liable for a frivolous position penalty under section 6673(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. We incorporate the First Stipulation of Facts and accompanying Exhibits by this reference. Petitioner resided in North Carolina when the Petition was filed.

*Compensation for services and other economic activities*

During taxable years 2013 and 2014 petitioner performed services for Aviation Managed Solutions, Inc. (AMS), and served in the Air National Guard. AMS paid petitioner $89,977 and $98,565 in 2013 and 2014, respectively, and reported those amounts on Forms 1099–MISC, Miscellaneous Income. Petitioner also received wages of $5,924 and $6,380 in 2013 and 2014, respectively, from the Department of the Air Force (Air Force). The Air Force reported those amounts on Forms W–2, Wage and Tax Statement.

In 2013 petitioner received $4,300 from an individual retirement account (IRA) held at National Financial Services, LLC, which reported the distribution on Form 1099–R, Distributions From Pensions,

---

[2] These amounts reflect the additions to tax under section 6651(a)(2) only through the dates of the notices of deficiency. The additions to tax will continue to accrue from the due date of the returns at a rate of 0.5% per month, or fraction thereof, of nonpayment, not to exceed 25%.

[*3] Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. Petitioner was under the age of 59-1/2 in 2013.

*Substitutes for returns, notices of deficiency, and Tax Court proceedings*

Although he filed an income tax return for 2012, petitioner did not do so for 2013 or 2014. Having received no returns from petitioner for the years in issue, respondent prepared substitutes for returns (SFRs) on the basis of third-party reporting.[3] *See* § 6020(b). On November 6 and June 6, 2018, respondent issued notices of deficiency for 2013 and 2014, respectively. Therein respondent determined that petitioner had taxable income as follows:

|  | *2013* | *2014* |
|---|---|---|
| Retirement distribution | $4,300 | -0- |
| Nonemployee compensation | 89,977 | $98,565 |
| Wages | 5,924 | 6,380 |
| **Total** | **$100,201** | **$104,945** |

The notices of deficiency also include determinations that petitioner is liable for self-employment tax on the nonemployee compensation he received for the years in issue.[4] Moreover, with respect to petitioner's 2013 retirement distribution, respondent determined a 10% additional tax under section 72(t).

In response to each notice, petitioner timely petitioned this Court, and we consolidated these cases for trial, briefing, and opinion. Before trial petitioner filed a Pretrial Memorandum, in which he advanced frivolous arguments. He also stipulated receiving the wages, nonemployee compensation, and retirement distribution determined by respondent. A remote trial was held at a Winston-Salem, North

---

[3] Each SFR includes Form 4549, Income Tax Examination Changes, or equivalent, Form 886–A, Explanation of Items, and Form 13496, IRC Section 6020(b) Certification.

[4] Petitioner does not address his liability for self-employment tax in his Petitions or on brief and has therefore conceded the issue. *See* Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Mendes v. Commissioner*, 121 T.C. 308, 312–13 (2003); *Rybak v. Commissioner*, 91 T.C. 524, 566 (1988). For each year respondent determined self-employment tax, respondent allowed petitioner a deduction for one-half of the self-employment tax to be paid.

**[\*4]** Carolina, trial session of the Court.  After trial, each party filed a Simultaneous Opening Brief and Simultaneous Answering Brief. Respondent's Simultaneous Answering Brief includes a request that the Court penalize petitioner pursuant to section 6673(a)(1).

## OPINION

I.    *Unreported income*

A.    *Burden of proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous.[5]  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  The U.S. Court of Appeals for the Fourth Circuit, the appellate venue in these cases absent stipulation to the contrary, has held that the usual presumption of correctness applies in omitted income cases where the Commissioner employs a "reasonable method of determining income."  *Williams v. Commissioner*, 999 F.2d 760, 763–64 (4th Cir. 1993), *aff'g* T.C. Memo. 1992-153.

Respondent determined petitioner's income on the basis of third-party information returns, and petitioner stipulated receiving the amounts respondent determined.  Respondent has thus shown reliance on a reasonable method of determining income.  *See Robbins v. Commissioner*, T.C. Memo. 2017-247, at \*6–7.  The burden accordingly shifts to petitioner to prove by a preponderance of the evidence that respondent's determinations are arbitrary or erroneous.  *See Helvering v. Taylor*, 293 U.S. 507, 515 (1935); *Tokarski v. Commissioner*, 87 T.C. 74, 76–77 (1986).

B.    *Compensation and other income*

Respondent determined that petitioner (1) had unreported wages and nonemployee compensation for the years in issue and (2) had an unreported retirement distribution for 2013.   Petitioner disputes

---

[5] Section 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability for tax and meets other prerequisites, the burden of proof rests on the Commissioner as to that factual issue.  *See Higbee v. Commissioner*, 116 T.C. 438, 440–41 (2001).  Petitioner has not shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent.

**[\*5]** respondent's determinations that he had taxable income for the years in issue.

Section 1 imposes an income tax on taxable income, and section 63 defines taxable income as gross income minus deductions. Section 61(a) defines gross income to include "income from whatever source derived." More specifically, section 61(a)(1) includes in an individual's gross income any compensation for services. Amounts distributed from an IRA are also includible in a taxpayer's gross income as provided in section 72 subject to certain exceptions. § 408(d)(1). Clearly, the wages, nonemployee compensation, and retirement distribution received by petitioner constitute gross income for federal income tax purposes. *See Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955) (stating that gross income includes all accessions to wealth that are clearly realized and under the control of the taxpayer); *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986) (per curiam) (describing the taxpayer's argument that his wages were not income as "patently frivolous"); *Grimes v. Commissioner*, 82 T.C. 235, 237 (1984); *Reiff v. Commissioner*, 77 T.C. 1169, 1173 n.7 (1981).

Petitioner advances several arguments as to why the income he stipulated receiving is nontaxable. For one, he cites a May 6, 2019, Social Security Administration (SSA) statement pertaining to his 2013 taxable year. That document states: "Based on information provided to us from the Internal Revenue Service, we are reducing the amount of your self-employment income on your Social Security earnings record from $83,093.00 to $0.00 for tax year 2013." *See* § 6103(*l*)(1)(A) ("The Secretary may . . . disclose returns and return information with respect to . . . taxes imposed by chapters 2 [Tax on Self-Employment Income], 21, and 24, to the Social Security Administration for purposes of its administration of the Social Security Act."). Petitioner's argument, as we understand it, is that the SSA statement is a concession by respondent that he did not have self-employment income for 2013.

However, respondent has not made such a concession in these cases. To the contrary, the parties stipulated that petitioner had received $89,977 from AMS for 2013. They also stipulated the authenticity of a wage and income transcript showing that the $89,977 was reported as nonemployee compensation. Because petitioner's

**[\*6]** argument conflicts with stipulated facts, it has no merit.[6] *See* Rule 91(e) ("A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties.").

Petitioner also argues that the deficiencies are invalid because (1) they are based on "Dummy Returns" and (2) respondent purportedly lost his examination file for 2013. With respect to the former argument, the contention that the Commissioner must file an SFR under section 6020(b) before determining a deficiency is frivolous. *Stewart v. Commissioner*, T.C. Memo. 2005-212, 2005 Tax Ct. Memo LEXIS 212, at \*5 (citing *Schiff v. United States*, 919 F.2d 830, 832–33 (2d Cir. 1990)). The Commissioner need not prepare an SFR under section 6020(b) in order to determine a deficiency for a taxpayer who has not filed a return for that year. *Hartman v. Commissioner*, 65 T.C. 542, 545 (1975); *Stewart*, 2005 Tax Ct. Memo LEXIS 212, at \*5. Where a taxpayer files no return, the Commissioner may determine the deficiency as if a return had been filed on which the taxpayer reported the amount of tax due was zero; the deficiency is the amount of tax due. *Laing v. United States*, 423 U.S. 161, 174 (1976); *Schiff*, 919 F.2d at 832–33; *Stewart*, 2005 Tax Ct. Memo LEXIS 212, at \*5. In these cases petitioner did not file tax returns for the years in issue, and respondent prepared SFRs before issuing the deficiency notices. Even if we assumed that those SFRs failed to satisfy the requirements of section 6020(b) (as petitioner argues), the failure would not invalidate the deficiencies at bar.

As for petitioner's contention that respondent lost his examination file, a taxpayer may be entitled to due process relief if he or she can show that the lost file includes documents that are material in a constitutional sense. *See Riland v. Commissioner*, 79 T.C. 185, 195 (1982). However, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Id.* (quoting *United States v. Agurs*, 427 U.S. 97, 109–10 (1976)). Petitioner has not identified or even attempted to describe any specific documents respondent purportedly lost. His argument therefore amounts to mere speculation that respondent lost information that may have helped him. Because such speculation does not establish

---

[6] In April 2019 the IRS prematurely assessed the deficiency and additions to tax for 2013 and then reversed that assessment the following month. The SSA's reduction of self-employment income from petitioner's earnings record corresponds with the IRS's reversal of the premature assessment.

**[\*7]** materiality in a constitutional sense, petitioner's argument is without merit.

Consequently, we uphold respondent's determinations of unreported income.[7]

## II.   *Additional tax under section 72(t)*

For 2013 respondent determined that petitioner is liable for an additional tax of $430 under section 72(t). Section 72(t)(1) imposes a 10% additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)). A distribution is early if it is made before the recipient attains the age of 59-1/2. § 72(t)(2)(A)(i). However, the 10% additional tax does not apply to certain distributions, such as those attributable to the taxpayer's disability or made for the payment of certain medical expenses. *See* § 72(t)(2)(A) and (B).

Petitioner does not address his liability for the section 72(t) additional tax on brief. We therefore deem the issue conceded and sustain respondent's determination. *See Mendes*, 121 T.C. at 312–13 ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").[8]

## III.   *Additions to tax*

Section 6651(a)(1) provides for an addition to tax for failure to timely file a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. Section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount shown as tax on a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. Section 6654(a)

---

[7] Petitioner also argues that the notice of deficiency for 2013 is ambiguous and therefore invalid. This Court has held that a deficiency notice is valid if it objectively places a reasonable taxpayer on notice that the Commissioner has determined a deficiency in tax for a particular year and amount. *Dees v. Commissioner*, 148 T.C. 1, 6 (2017). The notice of deficiency clearly reflects respondent's determination that petitioner has a deficiency in income tax of $30,347 for 2013. Accordingly, the notice is valid.

[8] In any event, the parties stipulated petitioner's receipt of a $4,300 distribution from a retirement account for 2013. Petitioner, who was under 59-1/2 years of age throughout 2013, has not established his eligibility for any of the exceptions listed in the statute.

**[\*8]** imposes an addition to tax on a taxpayer who fails to make required payments of estimated tax.

With respect to additions to tax and penalties, section 7491(c) ordinarily imposes the burden of production on the Commissioner. *Higbee*, 116 T.C. at 446–47. However, petitioner made no assignments of error as to the additions to tax that were determined in the notices of deficiency. Petitioner is deemed to have conceded those items. *See* Rule 34(b)(4). Accordingly, respondent incurs no obligation to produce evidence in support of those determinations pursuant to section 7491(c). *See Funk v. Commissioner*, 123 T.C. 213, 218 (2004); *Swain v. Commissioner*, 118 T.C. 358, 365 (2002).

In any event, the record establishes that petitioner was required to file his federal income tax returns for 2013 and 2014 and pay the tax due, and he failed to do so. Moreover, with respect to section 6651(a)(2), for each year respondent prepared an SFR which meets the requirements of section 6020(b).[9] *See Wheeler v. Commissioner*, 127 T.C. 200, 208–10 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). Regarding section 6654, the record establishes that petitioner failed to make his required annual payments for the years in issue.[10]

Petitioner disputes the additions to tax on brief and asserts that the record lacks evidence of respondent's compliance with section 6751(b)(1). That section provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the

---

[9] The SFRs comprise Forms 4549, 886–A, and 13496. That combination of documents is sufficient to constitute a valid SFR under section 6020(b). *See Rader v. Commissioner*, 143 T.C. 376, 382 (2014) (citing *Gleason v. Commissioner*, T.C. Memo. 2011-154, 2011 WL 2600917, at \*12), *aff'd in part*, 616 F. App'x 391 (10th Cir. 2015).

[10] The section 6654 addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. § 6654(c)(1). Each required installment of estimated tax is equal to 25% of the required annual payment. § 6654(d)(1)(A). The required annual payment is the lesser of (i) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his or her tax for such year), or (ii) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return. § 6654(d)(1)(B). With respect to 2013, petitioner admitted at trial that he had filed a return for 2012 showing tax due. Although his 2013 account transcript reflects a withholding credit of $320, petitioner has neither argued nor shown that his 2013 withholding equaled or exceeded the amount of tax shown on his 2012 return. As for 2014, petitioner's required annual payment for that year was 90% of his tax for that year because he had not filed a return for 2013 or 2014. Petitioner made no payments in 2014.

**[\*9]** individual making such determination or such higher level official as the Secretary may designate." However, the additions to tax under sections 6651(a) and 6654 are excepted from section 6751(b)(1), and they may be assessed without supervisory approval. § 6751(b)(2)(A); *ATL & Sons Holdings, Inc. v. Commissioner*, 152 T.C. 138, 150 (2019).

IV.    *Frivolous position penalty*

We now consider respondent's request to impose a penalty against petitioner pursuant to section 6673(a)(1). That section authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Respondent contends that a penalty is appropriate because petitioner advanced frivolous arguments throughout this proceeding.

As we have noted in this Opinion, some arguments raised by petitioner have previously been found to be frivolous. However, this appears to be petitioner's first case in this Court. While we have discretion to impose a penalty against him under section 6673(a)(1), we decline to do so at this time. Nevertheless, we caution petitioner that he risks penalties under section 6673(a)(1) if he presses similar arguments in the future.

We have considered the parties' arguments and, to the extent not addressed herein, conclude that they are moot, irrelevant, or without merit.

The foregoing considered,

*An appropriate order will be issued denying respondent's request for a section 6673 penalty, and decisions will be entered for respondent.*