[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10286

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JASON C. ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00022-MHC

_____

Before WILSON, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Jason Anderson, proceeding *pro se*, appeals from the district court's grant of summary judgment for the Government in its action to reduce to judgment Anderson's unpaid federal income tax liabilities. He asserts (1) the district court lacked jurisdiction to hear the case, (2) the ten-year statute of limitations had expired at the time the Government sued, and (3) the district court proceedings were unconstitutional. We address each issue in turn, and affirm the district court's grant of summary judgment.[1]

## I. JURISDICTION

Anderson asserts the district court lacked personal jurisdiction over him because "he is not a resident of the District of Columbia or of a state under the external authority of the United States." He also contends the district court erred by relying on his previous lawsuits in establishing jurisdiction, that he has not waived the issue of jurisdiction, and he is not a "taxpayer."

The district court had subject-matter jurisdiction over Anderson's case as a civil action arising under an Act of Congress providing for internal revenue. *See* 28 U.S.C. § 1340 (providing the federal district courts have jurisdiction over a civil action arising under an Act of Congress providing for internal revenue). It also

---

[1] We review a district court's grant of summary judgment *de novo*. *Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014).

had personal jurisdiction over Anderson, as he is a resident of Georgia. *See* Fed. R. Civ. P. 4(k)(1)(A) (explaining federal courts have personal jurisdiction over served defendants subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located). Moreover, none of Anderson's other attempts to evade federal jurisdiction are meritorious. *See United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (describing contentions that federal jurisdiction extends only to Washington D.C., and federal territories and enclaves, or that federal income tax laws do not apply to residents of the states, as "utterly without merit").

## II.  STATUTE OF LIMITATIONS

Anderson contends the statute of limitations had expired before the Government sued. He asserts, relying on a Fair Debt Collection Practices Act case, *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), that the statute of limitations begins to run on the date of the violation, not the date it was discovered. He argues the ten-year statute of limitations started to run when the IRS filed its dummy returns on October 18, 2010, and had expired before the Government brought suit in 2022.

The Government filed suit within the statute of limitations. The IRS assessed Anderson's tax deficiency on January 9, 2012, and the Government brought suit on January 4, 2022, within ten years after the assessment of the tax. *See* 26 U.S.C. § 6502(a)(1) (providing a proceeding to collect income tax must be brought within ten years of the assessment of the tax). The IRS's filing of dummy

returns[2] did not affect the statute of limitations. *See id.* § 6501(b)(3) (providing the execution of a dummy return does not start the running of the statute of limitations on assessment and collection).

### III.  DISTRICT COURT PROCEEDINGS

Anderson asserts the IRS is unconstitutional, claiming its authority results from the treaty power and it has no legislative mandate.  He asserts the IRS's powers are foreign, so he cannot be expected to submit to its jurisdiction. He contends the phrase "United States" is ambiguous as it applies to the IRS, and the IRS's use of dummy returns violates the major questions doctrine.  He also argues the district court's grant of summary judgment was unconstitutional because it did not hold oral argument on his claims and he would have engaged with discovery if given more time to do so.

Anderson's constitutional arguments against the IRS are typical of those generally put forth by tax protesters and are patently frivolous.  *See McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986) (holding "tax protester" arguments alleging that citizens are not subject to IRS jurisdiction are patently frivolous).  The district court was not required to conduct an oral hearing before granting the Government's motion for summary judgment.  *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) (stating a district court granting summary judgment under Rule 56 is not required to conduct an oral hearing).  The major questions doctrine does

---

[2] If a taxpayer fails to file a required return, the Secretary of the Treasury may file a so-called "dummy return" as the return of the taxpayer.  26 U.S.C. § 6020.

23-10286                Opinion of the Court                5

not apply to the IRS's practice of filing dummy tax returns, which is authorized by statute. *See* 26 U.S.C. § 6020; *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022) (explaining the major questions doctrine states that, in certain extraordinary cases, separation of powers and an understanding of legislative intent means that courts should be reluctant to read large delegations of congressional authority from an ambiguous statutory text).

Accordingly, we affirm the district court.

**AFFIRMED.**